1  George M. Kraw (California Bar No. 71551)
2  Katherine McDonough (California Bar No. 241426)
   Michael Bedolla (California Bar No. 302517)
3  Kraw Law Group, APC
4  605 Ellis Street, Suite 200
   Mountain View, California 94043
5  Telephone: 650-314-7800
6  Facsimile:  650-314-7899
   gkraw@kraw.com
7  kmcdonough@kraw.com
8  mbedolla@kraw.com

9  Attorneys for:
10 Dairy Employees Union Local No. 17 Christian Labor
   Association of the United States of America Pension
11 Trust; and Board of Trustees of the Dairy Employees
   Union Local No. 17 Christian Labor Association of
12 the United States of America Pension Trust

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST; and BOARD OF TRUSTEES OF THE DAIRY EMPLOYEES UNION LOCAL NO. 17 CHRISTIAN LABOR ASSOCIATION OF THE UNITED STATES OF AMERICA PENSION TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>STRUIKMANS & SON DAIRY, a California Partnership,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

COMPLAINT – 1
CASE NO.:

1. This action has been brought in an effort to collect unpaid contributions owed to the Plaintiffs. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. § 1001, *et seq.*, under sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

## JURISDICTION AND VENUE

2. The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185 and 28 U.S.C. § 1331.

3. This Court has venue over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e), in that this is the district where the Plaintiffs Dairy Employees Union Local No. 17 Christian Labor Association of the United States of America Pension Trust, and Board of Trustees of the Dairy Employees Union Local No. 17 Christian Labor Association of the United States of America Pension Trust (hereinafter referred to as "Pension Fund") are administered and where the breaches described herein took place.

## INTRADISTRICT ASSIGNMENT

4. Assignment to the Eastern Division of the United States District Court for the Central District of California is appropriate because the Pension Fund is administered in San Bernardino County.

## PARTIES

5. The Pension Fund is an employee benefit plan within the meaning of [ERISA] sections 3(2) and 3(3) of ERISA, 29 U.S.C. §1002 (2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants. The Pension Fund receives contributions from numerous employers pursuant to Collective Bargaining Agreements between employers and various

Local Unions, and therefore, is a multiemployer plan under Section 3(37) of ERISA, 29 U.S.C. §1002(37), and 29 U.S.C. § 1301(a)(3).

6.  The Board of Trustees of the Pension Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

7.  The Pension Fund and Board of Trustees maintain their principal place of business at 2555 S. Euclid Avenue, Ontario, California.

8.  The Pension Fund brings this action on behalf of themselves and on behalf of participants and beneficiaries in the Pension Fund, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

9.  Defendant Struikmans & Son (hereinafter referred to as "Defendant") is, upon information and belief, a partnership existing under the laws of the State of California.  Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. §152(5).

10.  Defendants' principal place of business is 8535 Edison Avenue, Ontario, California.

11.  Defendant is a signatory employer to the Collective Bargaining Agreement ("CBA") which provides for payment of contributions to the Pension Fund. The CBA binds Defendant to the provisions of the Agreement and Declaration of Trust ("Trust Agreement") that created the Pension Fund.

## FACTUAL ALLEGATIONS

12.  Defendant entered into the CBA with the Pension Fund.  The CBA established the terms and conditions of employment for dairy workers employed by the Defendant.

13.  Pursuant to the CBA, Defendant agreed to pay to the Pension Fund certain sums of money for each hour worked by employees of Defendant covered by the CBA.

14. Upon information and belief, Defendant employed approximately five (5) employees covered by the CBA.

15. Defendant failed to timely submit its monthly contribution payment for May of 2016. Pursuant to the terms of the CBA and Trust Agreement, Defendant is obligated to pay contributions to the Pension Fund.

16. Under the terms of the Trust Agreement, an employer who fails to make timely contributions to the Pension Fund for employee fringe benefits is liable to Pension Fund for all unpaid contributions, plus liquidated damages on the unpaid principal, interest, and attorney's fees and collection costs. See also, 29 U.S.C. §1132(g).

17. The Pension Fund notified Defendant in a letter, dated January 10, 2018, that Defendant had failed to timely submit required monthly contributions for hours worked and demanded payment be made. Pursuant to the Trust Agreement, Defendant was also assessed liquidated damages and interest on the delinquent contributions.

18. Defendant has failed to pay monthly contributions, liquidated damages and interest owed.

19. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

**STATEMENT OF CLAIM**
**Failure to Make Contractually Required Contributions**
**to Multi-Employer Plan**
**(29 U.S.C. §§ 1145 and 185)**

20. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 19 as fully set forth herein.

21. This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the Trust Agreement and the Collective Bargaining Agreement.

22. The Defendant's failure to pay liquidated damages and interest on delinquent payments and failure to submit work reports constitute a failure of an employer to make contractually required contributions to a multi-employer plan, as well as a breach of fiduciary duty owed, pursuant to Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

23. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest and reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2).

**PRAYER**

WHEREFORE, Plaintiffs respectfully request this Court:

A. Enter a judgment declaring that Defendant has a contractual obligation to make payments to the Pension Fund on all (a) requiring contributions to fund benefits in amount to be determined through discovery or at trial; (b) requiring liquidated damages and interest payments; and (c) requiring the payment of reasonable attorneys' fees and costs of litigation pursuant to the Collective Bargaining Agreement, the Trust Agreement and ERISA.

B. Other such legal and equitable relief as the Court may deem just and equitable.

Dated: 05/22/18                    KRAW LAW GROUP

By: /s/ MICHAEL BEDOLLA
MICHAEL BEDOLLA
mbedolla@kraw.com

Counsel for Plaintiffs

COMPLAINT – 5
CASE NO.: